UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COURTNEY R. LOGAN, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-00127 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| DAVID MARTIN HOPKINS and | ) |
| COUNTY OF DAVIDSON, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro* se and *in forma pauperis*, is incarcerated at the Leflore County Jail in Greenwood, Mississippi. The Plaintiff brings this action under 42 U.S.C. § 1983 against his former court-appointed attorney, David Martin Hopkins, and Davidson County, Tennessee. (Docket No. 1). The plaintiff asks the court to sanction Mr. Hopkins for his ineffective representation and to award the plaintiff monetary damages for pain and suffering. (*Id.* at p. 5).

**I.     Background**

In his complaint, the plaintiff alleges that his Mr. Hopkins withdrew as the plaintiff's court-appointed attorney and advised the plaintiff to pursue an ineffective assistance of counsel claim after his motion for a new trial was denied. (*Id.* at p. 4). The plaintiff alleges several acts or omissions by Mr. Hopkins which the plaintiff believes constitute ineffective assistance of counsel, such as failure to challenge the stop and search of the plaintiff's vehicle and failure to challenge the admissibility of a videotape of the plaintiff's traffic stop. (*Id.*)  It is unclear from the complaint whether the plaintiff has been convicted of a crime related to the stop and search. The complaint makes no specific allegations against Davidson County, Tennessee.

1

## II. Initial Review

Because the plaintiff is proceeding *pro se* and *in forma pauperis*, the court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915. *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## III. Section 1983 Standard

The plaintiff's complaint is entitled "Complaint for Violation of Civil Rights (42 U.S.C. Section 1983)." (Docket No. 1 at p.1). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Finally, the plaintiff's factual allegations must describe a "plausible" basis for the violation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

First, the plaintiff's complaint alleges § 1983 claims against his former court-appointed

2

defense attorney. Specifically, the plaintiff alleges that his attorney committed legal malpractice by failing to file certain motions and pursue certain strategies, the combination of which has led to the plaintiff's continued wrongful incarceration. However, the law is firmly established that public defenders or court-appointed defense lawyers do not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Here, the actions about which the plaintiff complains (failing to file motions to suppress, discovery matters) fall within the ambit of a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Thus, while performing those functions, the plaintiff's court-appointed criminal defense lawyer was not acting "under color of state law" as defined by controlling case law. As such, the plaintiff's § 1983 claims against attorney David Martin Hopkins fail.

Next, the plaintiff names Davidson County, Tennessee, as a defendant. However, governmental entities cannot be held responsible for a constitutional deprivation, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that any defendant acted according to any policy or custom attributable to Davidson County, Tennessee. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Consequently, defendant Davidson County, Tennessee, has no liability under § 1983 in this matter.

**IV.    Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

Todd J. Campbell
United States District Judge